UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21693-Civ-COOKE/TORRES

E & C COPIERS EXPORT IMPORT CORP.,

    Plaintiff,

vs.

ARIZAS FOTOCOPIADORAS S.A.S., et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS MATTER is before me on Plaintiff E & C Copiers Export Import Corp.'s ("E & C Copiers") Motion and Memorandum of Law for Default Judgment ("Motion for Default Judgment") (ECF No. 23). Plaintiff initiated this action on May 5, 2015 (ECF No. 1) seeking damages for the following: Breach of Contract (Count I); Fraudulent Inducement (Count II); Negligent Misrepresentation (Count III); Fraud (Count IV); and Civil Conspiracy to Defraud (Count V).

Plaintiff effected service of the Summons and Complaint on all Defendants pursuant to Fed. R. Civ. P. 4 and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents on September 7, 2015, which service was effective on September 8, 2015 under applicable Colombia law. *See* ECF No. 16. Defendants' responses were due on or before September 29, 2015, but to date, no responses have been filed. Plaintiff moved for, and the Clerk of Court entered, a Clerk's Default as to all Defendants on October 19, 2015 for their failure to appear, answer, or otherwise plead to the Complaint. *See* ECF No. 21. I entered an Order to Show Cause on October 21, 2015, directing Defendants to show cause on or before November 12, 2015 why a motion for default judgment should not be granted. *See* ECF No. 22. Defendants have failed to respond to my Order, and the time to do so has passed. Plaintiff then filed the instant Motion for Default Judgment seeking default judgment against all Defendants, $629,111.00 in compensatory damages, and $1,887,333.00 in punitive damages.

After considering Plaintiff's Motion for Default Judgment, its Memorandum of Law in support, supporting affidavits, Plaintiff's Complaint, the record, and relevant legal authorities, Plaintiff's Motion for Default Judgment is granted in part and denied in part.

## I. BACKGROUND

Plaintiff has been selling and exporting copy machines and related supplies to Defendant Nubia Ariza Castiblanco ("Ms. Castiblanco") since 2009. Compl. ¶ 1. Ms. Castiblanco initially purchased copy machines through a company named Rodillos Ariza Ltda., but subsequently began placing her orders as the owner and legal representative of Defendant Arizas Fotocopiadoras S.A.S. *Id.* at ¶¶ 13, 14. While Defendant Arizas Fotocopiadoras S.A.S. is listed as the "bill to" entity on order invoices, Defendant Arizas Fotocopiadoras Ltda. is listed as the "ship to" entity on invoices. *Id.* at ¶ 15. Generally, Ms. Castiblanco would place an order via telephone, Plaintiff would issue an invoice, Defendant Arizas Fotocopiadoras S.A.S. would sign and return the invoice to Plaintiff, and Plaintiff would ship the copiers and related merchandise to Defendants in Bogota, Colombia. *Id.* at ¶¶ 16, 17. Additionally, for each invoice, Ms. Castiblanco would request either thirty or sixty days to make payment or that payment be made "anticipado," which the parties interpreted to mean at any time before the merchandise was received and accepted in Colombia. *Id.* at ¶ 18.

However, in 2012 and 2013, Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda. failed to make payments on several invoices as follows: Invoice Number 574 for $9,144.45; Invoice Number 568 for $97,870.00; Invoice Number 584 for $38,768.50; Invoice Number 588 for $75,840.00; Invoice Number 605 for $29,448.05; Invoice Number 608 for $79,100.00; Invoice Number 649 for $68,220.00; Invoice Number 652 for $100,140.00; Invoice Number 654 for $130,532.00; and Invoice Number 744 for $48.00. *Id.* at ¶¶ 20-29. In total, Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda. owe Plaintiff an outstanding balance of $629,111.00. *Id.* at ¶ 30.

Plaintiff further alleges that between January 2012 and October 2014, Ms. Castiblanco "made numerous statements to Plaintiff that she had the intention and ability to pay the Plaintiff all amounts owed to the Plaintiff." *Id.* at ¶ 32. Additionally in July 2014, Ms. Castiblanco sent Plaintiff a letter certifying that she owed a debt to Plaintiff. *Id.* at ¶ 34. Plaintiff alleges that it continued to fulfill Defendants' orders based upon Ms. Castiblanco's

2

statements and its longstanding business relationship with Defendants. *Id.* at ¶ 33. However, in March 2015, Ms. Castiblanco communicated to Plaintiff that neither she nor the companies she owned and/or represented would be able to pay the debt they owed to Plaintiffs. *Id.* at ¶ 35. Plaintiff alleges that despite her claims of inability to pay off Plaintiff's invoices, Ms. Castiblanco continued to purchase and pay for tens of thousands of dollars of copy machines and related supplies from other suppliers. *Id.* at ¶ 36.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55, if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Fed.R.Civ.P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b).

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206. Whether to grant a motion for default judgment is within the trial court's discretion. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985).

## III.   ANALYSIS

### A. Count I

Plaintiff has alleged sufficient facts to establish its breach of contract claim against Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda. Specifically, Plaintiff alleged that it entered into valid contracts with Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda. (the invoices), Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda. breached and repudiated their contractual obligations by not paying the invoices, and Plaintiff incurred damages due to Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda.'s breaches. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. Dist. Ct. App. 1992) ("The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.")).

As to the issue of damages, under Florida law, a non-breaching party "shall have fair and just compensation commensurate with the loss sustained in consequence of the [breaching party's] act which gives rise to the action." *Hanna v. Martin*, 49 So. 2d 585, 587 (Fla. 1951). "In other words, the damages awarded should be equal to and precisely commensurate with the injury sustained." *Id.* The purpose of damages in a breach of contract action is "to place the injured party in the same position he or she would have been in had the breach not occurred." *Telemundo Network, Inc. v. Spanish Television Servs.*, 812 So. 2d 461, 464 (Fla Dist. Ct. App. 2002). In entering a final default judgment, it is not necessary for a court to hold a hearing if the damages are liquidated or ascertainable from documentary evidence or affidavits. *Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343-44 (M.D. Fla. 2003).

After reviewing the record, I find that I have enough information to ascertain Plaintiff's damages. Plaintiff included specific information regarding ten unpaid invoices as well as the Affidavit of Fatima George, the sole owner and president of Plaintiff E & C Copiers, confirming that Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda. missed payment deadlines on several invoices and currently owe Plaintiff a balance of $629,111.00. Therefore, Plaintiff has demonstrated that it incurred damages in a liquidated amount of $629,111.00 as against Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda.

### B. Counts II, III, IV, and V

In the remaining counts, Plaintiff alleges claims of Fraudulent Inducement as to Defendant Nubia Ariza Castiblanco (Count II), Negligent Misrepresentation as to Defendant Nubia Ariza Castiblanco (Count III), Fraud as to Defendant Nubia Ariza Castiblanco (Count IV), and Civil Conspiracy to Defraud as to all Defendants (Count V). It is well settled that claims involving allegations of fraud must be plead with particularity pursuant to Federal Rule of Civil Procedure 9(b).[1] *See Rogers v. Nacchio*, 241 F. App'x 602, 609 (11th Cir. 2007). Rule 9(b) is satisfied if the complaint sets forth: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled

---

[1] Because a claim of negligent misrepresentation sounds in fraud, the facts surrounding the claim must be pled with particularity. *See McGee v. JP Morgan Chase Bank, N.A.*, 520 Fed. App'x 829, 831 (11th Cir. 2013).

the plaintiffs; and (4) what the defendants gained by the alleged fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

Plaintiff has failed to plead its allegations of fraud with particularity. Plaintiff includes conclusory statements that mirror the elements necessary to state a claim under each count, but fails to provide the detailed facts necessary to properly plead claims for fraud. For example, as to Count V, Plaintiff alleges that "[a]ll Defendants are aware of, and have assisted Defendant Nubia Ariza Castiblanco in making false statements to the Plaintiff regarding the possibility of payment on the Plaintiff's debt and the solvency of the debtor." Compl. ¶ 84. However, Plaintiff completely fails to identify the particular statements made by each Defendant or when and where these statements were made. This is just one example of the many threadbare, conclusory statements Plaintiff includes in her allegations of fraud. Therefore, Plaintiff's Motion for Default Judgment as to Counts II, III, IV, and V is denied for failing to properly state a claim upon which relief can be granted.

### C. Punitive Damages

Along with compensatory damages, Plaintiff also seeks punitive damages in the amount of $1,887,333.00. Generally, punitive damages are not recoverable for breach of contract; but, where the acts constituting a breach of contract also amount to a cause of action in tort, there may be recovery of exemplary damages upon proper allegations and proof of intentional wrong, insult, abuse, or gross negligence constituting an independent tort. *Griffith v. Shamrock Village, Fla.*, 94 So. 2d 854, 858 (Fla. 1957). To recover for punitive damages in tort as an independent cause of action, in addition to breach of contract, "an intentional wrong" must be alleged. *Nicholas v. Miami Burglar Alarm Co., Inc.*, 339 So. 2d 175 (Fla. 1976). However, even when a cause of action in tort has been properly plead, Plaintiff must also demonstrate malice, mortal turpitude, wantonness, or outrageousness in the commission of the tort. *Griffith*, 94 So. 2d at 854. A review of Plaintiff's allegations reveals that Plaintiff has failed to make the requisite showing of malice, mortal turpitude, wantonness, or outrageousness necessary to award punitive damages. Therefore, Plaintiff's request for punitive damages is denied.

### IV. CONCLUSION

For the reasons stated herein, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff E & C Copiers Export Import Corp.'s ("E & C Copiers") Motion and

    Memorandum of Law for Default Judgment (ECF No. 23) is **GRANTED** *in part* and **DENIED** *in part*.

2. Default Judgment is hereby entered as to Count I of the Complaint in favor of Plaintiff E & C Copiers and against Defendants Arizas Fotocopiadoras S.A.S. and Arizas Fotocopiadoras Ltda. in the amount of $629,111.00, along with post-judgment interest.

3. Plaintiff's Motion for Default Judgment as to Counts II, III, IV, and V of the Complaint is **DENIED**.

4. Plaintiff's request for punitive damages is **DENIED**.

The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30TH day of November 2015.

                                       */s/ Marcia G. Cooke*
                                 MARCIA G. COOKE
                                 United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*