UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-21693-COOKE/DAMIAN

E & C COPIERS EXPORT IMPORT CORP.,

    Plaintiff/Judgment Creditor,

vs.

ARIZAS FOTOCOPIADORAS S.A.S, *et al.*,

    Defendants/Judgment Debtors.

_____/

**REPORT AND RECOMMENDATION ON THE
INDIVIDUAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER
AS TO POST-JUDGMENT COLLECTION EFFORTS [ECF NO. 75]**

THIS CAUSE is before the Court on the Individual Defendants, Alexander Mondragon Gutierrez[1] and Nubia Ariza Castiblanco's (herein, the "Movants"), Motion for Protective Order as to Post-Judgment Collection Efforts (the "Motion"). [ECF No. 75]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF No. 76]. *See* 28 U.S.C. § 636.

The undersigned has considered the Motion and the Response to the Order to Show Cause [ECF No. 78], the pertinent portions of the record, and all relevant legal authorities, and is otherwise fully advised in the premises. For the following reasons, it is recommended that the Motion [ECF No. 75] be denied with prejudice.

---

[1] The undersigned notes that the movant here is identified as Alexander Mondragon Gutierrez. One of the individual Defendants in the underlying action was John Alexander Mondragon. The Movants do not address the discrepancy. The undersigned will proceed with the assumption this is the same individual.

## I. BACKGROUND

On May 5, 2015, Plaintiff, E & C Copiers Export & Import Corp. ("Plaintiff"), initiated this action against five Colombian entities, Arizas Fotocopiadoras S.A.S., Arizas Fotocopiadoras, Ltda., Antiadherentes Y Maquinados Arizas S.A.S., Rodillos Arizas Ltda., and Copiers Copiers JM, and four Colombian nationals, Nubia Ariza Castiblanco, John Alexander Mondragon, Nicolas Ariza Castiblanco, and Francelina Castiblanco de Ariza (collectively, "Defendants"), for breach of contract (Count I), fraudulent inducement (Count II), negligent misrepresentation (Count III), fraud (Count IV), and civil conspiracy to defraud (Count V). [ECF No. 1].

Defendants failed to timely appear or otherwise respond to the Complaint, and, on October 14, 2015, Plaintiff moved for default against all Defendants, which the Clerk entered on October 19, 2015. [ECF Nos. 19 and 21]. On November 12, 2015, Plaintiff filed a Motion for Default Judgment seeking default judgment against all Defendants, $629,111.00 in compensatory damages, and $1,887,333.00 in punitive damages. [ECF No. 25].

On November 30, 2015, the Court granted in part and denied in part Plaintiff's Motion for Default Judgment and entered Final Judgment as to Count I of the Complaint in favor of Plaintiff and solely against Defendants Arizas Fotocopiadoras S.A.S and Arizas Fotocopiadoras Ltda. in the amount of $629,111.00, along with post-judgment interest. [ECF Nos. 26 and 27]. The Court did not enter judgment against the individual Defendants in the case, and therefore, the Movants are not judgment debtors or subject to the Final Judgment. The Court also ordered the Clerk to close the case and denied any pending motions as moot. Notably, and relevant here, no request was made for the Court to retain jurisdiction to enforce the Final Judgment, and the Court did not do so. *See* ECF No. 27.

## II. THE MOTION BEFORE THE COURT

On November 24, 2021, more than six years after the Court entered Final Judgment against the entity Defendants, the Movants filed the Motion now before the Court requesting a protective order preventing Plaintiff from seeking information concerning the enforcement of the Final Judgment other than as provided by the Federal Rules of Civil Procedure. *See* Motion, at 4.

In the Motion, the Movants allege they reside in Colombia and have been "largely free of inquiry or efforts by Plaintiff to collect" on the Final Judgment. *Id.* However, the Movants allege that in October 2021, they were threatened and intimidated by an agent claiming to work for Plaintiff in connection with the collection of the Final Judgment in this matter. *Id.* at 2. Specifically, the Movants allege that on October 10, 2021, an unidentified person appeared at their place of business in Colombia looking for Mondragon and seeking to collect the amounts due under the Final Judgment. *Id.* That same day, the same unidentified individual was allegedly seen, through video surveillance, leaving two bullet casings outside the front door of the Movants' place of business. *Id.*

As further alleged in the Motion, on October 12, 2021, the Movants received a phone call from an individual identified as Jose Maria Salazar ("Salazar") who stated he was an attorney sent to collect a debt owed to Fatima Pereira/Fatima George ("Fatima"), who is allegedly a principal of the Plaintiff entity in this matter. *Id.* The Movants allege that Salazar threatened them regarding the debt owed and requested a meeting, which took place on October 19, 2021. At the meeting, as alleged in the Motion, Salazar stated that he represents a company located in Colombia that collects outstanding obligations and that Salazar's company was contacted by an individual in the United States, who is a family member of

3

Fatima. According to the Motion, Salazar acted in "a threatening way," and after Ariza explained to Salazar that she has no individual debt with Fatima, Salazar then left the meeting. *Id.* at 3. The Movants allege they are now fearful of receiving future threats and of a potential escalation in the alleged extra-judicial efforts to collect on the Final Judgment. *Id.* Therefore, the Movants seek relief from this Court in the form of an order preventing Plaintiff from seeking enforcement of any final judgment other than as provided by the Federal Rules of Civil Procedure. *Id.* at 4.

On April 29, 2022, the undersigned issued an Order to Show Cause why the Motion should not be denied for the failure to comply with Southern District of Florida Local Rule 7.1(a)(3), which requires counsel for the movant to confer with opposing counsel prior to filing the subject motion and specify in the motion the date and manner of such conference. [ECF No. 77]. Accordingly, the undersigned ordered the Movants to file a Response by May 6, 2022, indicating what efforts were made to confer with counsel for Plaintiff regarding the relief requested in the Motion and the results of those efforts, as well as provide an update, if any, on the status of the matters alleged in the Motion. *Id.*

On May 6, 2022, the Movants filed a Response to the Order to Show Cause. [ECF No. 78]. In the Response, the Movants explain that they did not confer with Plaintiff's counsel due to safety concerns (*i.e.*, "for fear that alerting Plaintiff to efforts to halt or prevent the activity threatened against them would only further imperil their safety"). *Id.* at 1. The Movants then state that to comply with the Order to Show Cause, counsel for the Movants emailed Plaintiff's counsel regarding the Motion and asked whether Plaintiff had any objection to the relief requested. *Id.* at 2. According to the Movants, Plaintiff's counsel informed their counsel that Plaintiff sold the Final Judgment in this action and that counsel

4

was no longer involved in the matter and believed he was without authority to act on behalf of Plaintiff. And, according to the Movants, Plaintiff's counsel also advised that Plaintiff's principal had filed for bankruptcy and, as such, it was unclear whether an order on the Motion would bind Plaintiff. *Id.* In the Response, however, the Movants did not provide an update, if any, on the status of the matters alleged in the Motion (*i.e.*, whether they had continued to receive threats regarding the collection efforts since October 2021).

### III. APPLICABLE LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As courts of limited jurisdiction, federal courts may only exercise jurisdiction pursuant to Article III of the United States Constitution or a statutory grant of authority to adjudicate an asserted claim. *Id.*; *see also Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Moreover, the federal courts are confined by Article III of the Constitution to adjudicating only actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750, (1984). As succinctly explained by the Eleventh Circuit:

> The Article III case or controversy requirement sets fundamental limits on the federal judiciary's power in our society. *Id.* One of the most important of these constitutionally-based limits is the requirement that a litigant have "standing" to invoke the power of a federal court. "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, (1975). In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a

> plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991).

*Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346–47 (11th Cir. 1999).

## IV. DISCUSSION

The Movants seek an order preventing Plaintiff from seeking information regarding the enforcement of the Final Judgment entered against the entity Defendants in this matter. [ECF No. 75]. In essence, the Movants are seeking injunctive relief from this Court barring Plaintiff from allegedly engaging in certain conduct in Colombia to enforce the Final Judgment entered in this matter more than six (6) years ago. Under the circumstances, this Court cannot provide the relief sought.

This Court, as one of limited jurisdiction, is simply without authority to restrain or otherwise address the alleged conduct, which is occurring outside this District. *See Kokkonen*, 511 U.S. at 377; *Smith*, 236 F.3d at 1299. Further, as indicated above, this Court did not retain jurisdiction for enforcement purposes following entry of the Final Judgment and, therefore, the Court is without jurisdiction to consider the Motion. *See, e.g.*, *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012) (holding district court was without jurisdiction to consider motion to compel where the court did not retain jurisdiction to enforce settlement agreement).

Even if this Court had jurisdiction over Movants' request based on the Final Judgment, relief would still be unavailable because the Movants lack standing to seek relief based on the Final Judgment. As indicated above, the Final Judgment was entered solely against the entity Defendants—Arizas Fotocopiadoras S.A.S and Arizas Fotocopiadoras Ltda.—and not against the individual Defendants. Therefore, the Movants lack standing to seek relief,

individually, based on the Final Judgment. Furthermore, the Movants have not asserted a reasonable expectation that the injury they allegedly suffered (*i.e.*, threats and intimidation) will continue or will be repeated in the future, adding another impediment to their standing. *See Malowney*, 193 F.3d at 1347. "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement." *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985).

For these reasons, the undersigned finds that this Court lacks jurisdiction to consider the Motion, and, even if it did have jurisdiction, the Movants lack standing to seek the relief requested. Rather, the Movants seek relief for conduct that occurred outside this District that is only peripherally related to a matter that is no longer pending before this Court and over which the Court did not retain jurisdiction.

## V.     RECOMMENDATION

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that the Motion for Protective Order as to Post-Judgment Collection Efforts [ECF No. 75] be **DENIED WITH PREJUDICE**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the

interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 16th day of May 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Marcia G. Cooke
    Counsel of Record